# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| STEVE EVERHART, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>ALLTRAN FINANCIAL LP,<br><br>    Defendant. | Case No.: 18-cv-1480<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Steve Everhart is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes.

5. Defendant Alltran Financial, LP ("Alltran") is a foreign limited partnership with its primary offices located at 5800 North Course Drive, Houston, Texas 77072.

6. Alltran is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Alltran is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

8. Alltran is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

9. On or around January 11, 2018, Alltran mailed a debt collection letter to Plaintiff Everhart regarding an alleged debt.

10. Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a consumer credit card account, which was used only for personal, family, or household purposes.

11. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

12. Upon information and belief, Exhibit A is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

13. Upon information and belief, Exhibit A is the first written communication Alltran mailed to Plaintiff regarding this alleged debt.

14. Exhibit A contains the statutory validation notice that the FDCPA, 15 U.S.C. § 1692g, requires debt collectors provide alleged debtors along with, or within five days of, the initial communication:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

15. Exhibit A contains the following:

2

Original Account Number: XXXXXXXXXXXX0641
Original Creditor: General Electric Capital Corporation
Current Creditor: LVNV Funding LLC
**Total Due: $3,226.07**

16. <u>Exhibit A</u> further states:

Alltran Financial, LP has been contracted to lead and represent in the collection of the judgment awarded on your General Electric Capital Corporation account. This judgment, judgment number: 2004SC005378, was awarded on 11/29/2004 and holds a current balance of $3,226.07.

17. <u>Exhibit A</u>, on its face, is confusing and misleading as to the identity of the creditor to whom the debt is owed.

18. The header in <u>Exhibit A</u> states that the "Original Creditor" is "General Electric Capital Corporation" ("GECC") and the "Current Creditor" is "LVNV Funding LLC" ("LVNV").

19. The first sentence in the body of <u>Exhibit A</u> states that Alltran "has been contracted to lead and represent in the collection of the judgment on your General Electric Capital Corporation account."

20. The representation that Alltran "has been contracted" to collect on the GECC account "makes it sound like [GECC] is the one who contracted Alltran and that [Plaintiff] still has a '[GECC] account' on which Alltran is attempting to collect." *Taylor v. Alltran Fin.*, No. 18-cv-306, 2018 U.S. Dist. LEXIS 159862, at *7 (S.D. Ind. Sept. 19, 2018).

21. In *Taylor*, the district court considered a letter essentially identical in form to <u>Exhibit A</u>, and found that the Alltran's letter did not clearly identify the name of the creditor to whom the debt was owed:

> Almost immediately after identifying LVNV as the 'Current Creditor,' the letter contradicts this by explaining that Alltran 'has been contracted' to collect on a judgment for Mr. Taylor's Springleaf account. An unsophisticated consumer receiving this letter may well be confused or concerned that two separate companies (LVNV and Springleaf) may be seeking to collect on a single debt. Mr. Taylor has therefore plausibly alleged that Defendants failed to clearly identify the creditor to whom the debt is owed, in violation of § 1692g(a)(2).

3

*Taylor*, 2018 U.S. Dist. LEXIS 159862, at *9-10 (citing *Braatz v. Leading Edge Recovery Solutions, LLC*, No. 11-cv-3835, 2011 U.S. Dist. LEXIS 123118, at *4 (N.D. Ill. Oct. 20, 2011)).

22. In *Braatz*, the district court held that a representation that the debt collector was attempting to collect a "delinquent Citibank account" for LVNV was confusing:

> In this case it is true that the notice explains that LVNV is the creditor. If that were the only statement regarding the identify of the creditor, the Court might indeed conclude that as a matter o flaw the dunning letter was not confusing. However, the notice also identifies the debt as belonging to Citibank. Thus the dunning letter identifies two creditors. This is an apparent contradiction that the debt collector fails to explain. An unsophisticated consumer might understand that LVNV had purchased the delinquent Citibank account. That is, however, but one plausible inference to be drawn from the letter. An unsophisticated consumer might just as reasonably conclude that [the debt] she believed to be a single debt was now owed to two separate companies (LVNV and Citibank). Such confusion might cause an unsophisticated consumer to be concerned about the possibility that she was being defrauded or that she might pay the incorrect creditor and continue to have outstanding debt.

*Braatz*, 2011 U.S. Dist. LEXIS 123118, at *3-4.

23. Moreover, the reverse side of <u>Exhibit A</u> contains a "Privacy Notice:"

**PRIVACY NOTICE**

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | Pinnacle Credit Services, LLC |
| CACV of Colorado, LLC | CACH, LLC | |

24. The letter in *Taylor* contained an identical Privacy Notice, and the court noted:

> The fact that LVNV is one of eleven entities mentioned and that [the entity identified as the "original creditor"] is not mentioned could not possibly assist the unsophisticated consumer in determining who the current creditor is. If anything, this list of assorted LLCs makes the letter even more confusing by introducing a variety

4

*Taylor*, 2018 U.S. Dist. LEXIS 159862, at *9-10 (citing *Braatz v. Leading Edge Recovery Solutions, LLC*, No. 11-cv-3835, 2011 U.S. Dist. LEXIS 123118, at *4 (N.D. Ill. Oct. 20, 2011)).

22. In *Braatz*, the district court held that a representation that the debt collector was attempting to collect a "delinquent Citibank account" for LVNV was confusing:

> In this case it is true that the notice explains that LVNV is the creditor. If that were the only statement regarding the identify of the creditor, the Court might indeed conclude that as a matter o flaw the dunning letter was not confusing. However, the notice also identifies the debt as belonging to Citibank. Thus the dunning letter identifies two creditors. This is an apparent contradiction that the debt collector fails to explain. An unsophisticated consumer might understand that LVNV had purchased the delinquent Citibank account. That is, however, but one plausible inference to be drawn from the letter. An unsophisticated consumer might just as reasonably conclude that [the debt] she believed to be a single debt was now owed to two separate companies (LVNV and Citibank). Such confusion might cause an unsophisticated consumer to be concerned about the possibility that she was being defrauded or that she might pay the incorrect creditor and continue to have outstanding debt.

*Braatz*, 2011 U.S. Dist. LEXIS 123118, at *3-4.

23. Moreover, the reverse side of <u>Exhibit A</u> contains a "Privacy Notice:"

**PRIVACY NOTICE**

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services L.P | LVNV Funding, LLC | Ashley Funding Services LLC |
| Sherman Acquisition L.L.C. | PYOD LLC | SFG REO, LLC |
| Resurgent Capital Services PR LLC | Anson Street LLC | Pinnacle Credit Services, LLC |
| CACV of Colorado, LLC | CACH, LLC | |

24. The letter in *Taylor* contained an identical Privacy Notice, and the court noted:

> The fact that LVNV is one of eleven entities mentioned and that [the entity identified as the "original creditor"] is not mentioned could not possibly assist the unsophisticated consumer in determining who the current creditor is. If anything, this list of assorted LLCs makes the letter even more confusing by introducing a variety

4

of as-yet-unmentioned companies into the mix. Their role in Mr. Taylor's debt is left unexplained.

*Taylor*, 2018 U.S. Dist. LEXIS 159862, at *10.

25. The Seventh Circuit recently held that a debt collector must *clearly* identify the current creditor of the debt:

> If the validation notice required under § 1692g(a)(2) does not identify the current creditor clearly and accurately, the law has been violated. A plaintiff need not offer additional evidence of confusion or materiality to prove the violation.

*Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016).

26. Exhibit A is further confusing and misleading because no entity named "General Electric Capital Corporation" has ever obtained a judgment against Plaintiff.

27. Wisconsin Circuit Court Access ("CCAP") shows that on November 29, 2004, the date provided as the date of judgment by Exhibit A, an entity by the name of "Monogram Credit Card Bank Of Georgia" obtained a default judgment against Plaintiff Everhart in a small claims action with the a case number of 2004SC005378. *See* https://wcca.wicourts.gov/caseDetail.html?caseNo=2004SC005378&countyNo=67&index=0.

28. CCAP shows no record of "General Electric Capital Corporation" ever obtaining judgment or bringing an action against Plaintiff Everhart.

29. Exhibit A thus not only fails to clearly identify the name of the *current creditor* to whom the debt is owed, it also misstates the name of the original judgment creditor of the alleged debt.

30. "*Clear* identification of the current creditor serves the important purpose of helping unsophisticated consumers avoid fraud and the potential for double payments." *Taylor*, 2018 U.S. Dist. LEXIS 159862, at *5-6 (S.D. Ind. Sept. 19, 2018) (citing *Janetos*, 825 F.3d at 319 and *Braatz*, 2011 U.S. Dist. LEXIS 123118, at *4).

5

31. Plaintiff was misled and confused by Exhibit A.

32. The unsophisticated consumer would be misled and confused by Exhibit A.

### *The FDCPA*

33. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Solutions*, 2018 U.S. Dist. LEXIS 50016, *12, 2018 WL 1513043 (E.D. Wis. March 27, 2018); *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress

6

Case 2:18-cv-01480-PP   Filed 09/21/18   Page 6 of 9   Document 1

has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

34. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

35. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. 15 U.S.C. § 1692e(2)(A) specifically prohibits "the character, amount, or legal status of any debt."

37. 15 U.S.C. § 1692e(10) specifically prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

38. 15 U.S.C. § 1692g(a) provides that

7

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (2) the name of the creditor to whom the debt is owed[.]

## COUNT I - FDCPA

39. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40. Exhibit A does not clearly identify the name of the current creditor.

41. Exhibit A does not clearly identify the name of the judgment creditor.

42. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692g(a)(2).

## CLASS ALLEGATIONS

43. Plaintiffs bring this action on behalf of a class, consisting of:

(a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A to the Complaint in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) mailed between September 21, 2017 and September 21, 2018, inclusive, (e) that was not returned by the postal service.

44. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

45. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual Class members. The predominant common question is whether the Defendant complied with the FDCPA.

46. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

47. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

48. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

49. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: September 21, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com